UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

JAE KANG,

Defendant.

06 Cr. 862 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached letter from the defendant.

The defendant appears to seek resentencing to take into account certain potential amendments to the Sentencing Guidelines. However, the potential amendments do not change any Guideline Sentencing Ranges but simply adjust considerations that the Court would take into account at sentencing. There is no basis for resentencing the defendant on the basis of those amendments.

The defendant also seeks the appointment of counsel in connection with resentencing. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000).

For the Court to order the appointment of counsel, the plaintiff must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 61-62. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The defendant has failed to show that any application for resentencing is likely to have merit. The application for the appointment of counsel is therefore **denied without prejudice**.

The defendant also seeks leave to proceed in forma pauperis. That request is **granted**, but it is unclear what proceeding the petitioner seeks to bring. The Court has considered each of the petitioner's applications without requiring the payment of any filing fee.

The petitioner correctly points out that he should pursue remedies within the Bureau of Prisons. The petitioner also may wish to consult the Pro Se Office of the Court. The Pro Se Office may be reached by telephone at 212-805-0175, and its

mailing address is: United States Courthouse, 500 Pearl Street, Room 230, New York, New York, 10007.

**SO ORDERED.**

**Dated: New York, New York**
       **July 16, 2010**

                                            John G. Koeltl
                                   United States District Judge

Honorable Judge John Koeltl
500 Pearl Street Rm. 1030
New York, New York., 10007

July 12, 2010

Dear Honorable Judge John Koeltl,

Once again I come before you with an update of sorts as to the process that is at hand and has been forthcoming by Honorable Warden J.F. Caraway. Your Honor on April 26th, 2010 you filed a partial response to my extensive motion that is still before you for consideration and you stated once you are fully briefed you will decide what course to recommend. At that present point in time though you recommended that I actively seek a compassionate release through 18 U.S.C. 3582(c)(1) or the BOP's program statement of 5050.46(1998). I have taken your advice and filed immediatly once I had read your recommendation by accident when it popped up on to the Law Libraries computer screen here in Cumberland.

Furthermore, I attached your recommendation of a Compassionate Release to an application to the warden a long with all the necessary documentation as per the requirements of the BOP program statement. It is much to my dismay that the much anticipated result was a simple quarter page status quo response that rejects my request for immediate relief, while instructing me to seek counseling through the different departments within the federal compound(Attachment# 1). Now I am left with filing the time consuming remedies necessary for an appeal through the process of the BOP.

I am once again am asking for your advice as to any opportunity I may have through the courts 18 USC 3582(c)(1) motion application, especially now that certain policy statements within the new amended version that was published May 3, 2010, is retroactively in effect. As you know Gall was a case right out of New York's 2nd circuit and a part of the mitigating factors in question were the defendants age. Since Gall was in his younger twenties the judge respectfully honored this as a mitigating circumstance to depart downward 100% to a probation sentence rather then custodial punishment. In doing so the judge realized that by punishing Gall through a custodial sentence it would have made stagnant any positive advances in life Gall had made since he had walked away from the conspiracy on his own accord. Please understand that Gall's crime was very similar to mine in that the quantity was similar. Due to Gall age has become a relevant mitigating factor to be considered within the sentencing guidelines policy statements which ultimately also imposed family hardship as very relevant mitigating factor as well(Attachment# 2.. 5H1.1, 5H1.6). The other policy statement references ethnic background and cultural differences that could be seen as a mitigating factor(Attachment# 3..Sentencing Commission Amendment 05/03/2010..Cultural Assimilation#3 p.16, p.17) if the defendant such as myself was brought up in an environment that did not allow for the proper social maturity that is necessary and acceptable in our great country. I am very sensitive in admitting such a character flaw but looking back on my life I finally feel comfortable in saying that I may have been negatively affected by such a detrimental social/ethnic issue via maturity. If I have misunderstood this policy statement then I apologize for

taking up your time.

Unfortunately it took for me to get arrested and charged with this instant drug conspiracy to realize what I was really involved in was devastatingly wrong. These last four years have been so instrumental in providing me a landscape of living, growing, educating, and learning while in the custody of the BOP. I have learned more about respecting the law the last four years then I can remember. My family did the best they could through my teenage years to reign me in, but the street and the crime that surrounded the streets to the young and naive Korean Americans as I once was at times is overbearing on any family fundamentals as were strictly enforced by my family. The responsibility that my father had in his hands in order to raise our family as an immigrant not to mention all the culture shock and the language barrier that he and my mother faced were significant barriers in my own upbringing. By no means am I making any excuse or am I intending to use my proud upbringing as a factor, but I am here to elaborate if need be the difficulty Korean/Americans have in adopting to the pressures of gangs and crimes. My parents had a tremendous challenge in raising me, my brother, and my sister with all the Korean/American surroundings being convoluted with the challenges of staying clean and following the law as the young Korean Community was stubborn in abiding by these laws of our country. I thought I knew better at the time, but I fell pray to my families worst nightmare getting involved with this embracing/shameful drug trade and eventually being caught and punished accordingly. As I said in my initial letter to you I have learned the hard way by coming to prison and by coming here it probably saved my life and right now though my father and my entire family needs me.

Since I have asserted my energy in following your recommendation I want you to please consider the attached pages as I have highlighted the Amendments to the Sentencing Guidelines and the Policy Statements that I believe apply to my own specific request for a downward departure. I have also attached the 3582 Imposition of Sentence of which number 2(Attachment# 4) will give you ample jurisdiction to rule on a compassionate release without the motion being requested by the BOP due to the Amendments in the policy statements that apply to my extremely time sensitive motion/case. As I understand the retroactive rule pertains to changes in the SENTENCING GUIDELINES AND ITS POLICY STATEMENTS. Once changes have been made in either that may affect my case or motion the judge is given jurisdiction to rule on a qualified sentence reduction. I thank you once again for the extraordinary generosity of time you have given me in my important life changing request.

Sincerely,

Jae Kang
Inmate# 42545037
Federal Prison Camp
PO Box 1000 Unit G
Cumberland Md., 21501